## DAVID SANDERSON v. JOB CRANE.

The bona fide holder of a promissory note, for a valuable consideration, without notice, is entitled to recover the amount from the maker, notwithstanding the previous discharge of the payee and endorser, as an insolvent debtor, and his consequent assignment of his property. Such a holder of the note is not chargeable with notice of the above facts in reference to the payee, because the note is passed over after its maturity.

This was a certiorari directed to the Common Pleas of the county of Essex. The facts and history of the case, will be found in the opinion of this court.

Sanderson *v.* Crane.

*B. Williamson,* for plaintiff in certiorari. *J. J. Chetwood,* for defendant.

HORNBLOWER, C. J. The action below was brought on a promissory note dated the 11th January, 1830, made by the defendant, payable to one Wade, or order, five days after its date, without defalcation or discount. Wade became an insolvent debtor, and received his discharge as such, in the state of New York, under the insolvent laws of that state, on the 22d May, 1830, and made an assignment of all his estate in pursuance of the same. At a period subsequent to that event, Wade endorsed and delivered over the note in question, to the plaintiff, *bona fide* and for a valuable consideration. Whether Wade held the note at the time of his discharge, does not appear, unless as matter of inference, from the above facts. Neither is there any evidence that the plaintiff had any knowledge at the time of receiving the note, of the assignment made by Wade, under the insolvent laws of New York. Judgment was given for the plaintiff below. The plaintiff in certiorari, contends, that *Wade's* title to the note, passed to his assignees in New York; and the note having come into the hands of the plaintiff below, after its maturity, he is chargeable with notice of the facts above stated, and therefore not entitled to recover.

If the cases of *Coryell* v. *Croxall,* 2 *South.* 764, and *Tillou* v. *Britton,* 4 *Halst.* 120, are to be considered as definitively settling the construction of our statute concerning promissory notes, *Rev. Laws,* 395, *sec.* 4, then the fact, that the note was overdue, when it was negotiated to the plaintiff, cannot affect the question; for this note was payable, without defalcation or discount, and therefore, according to those decisions, not subject to any prejudice, by reason of a transfer of it after maturity.

But I desire distinctly to put my decision in this case, upon other, and to my mind, more satisfactory grounds. The defendant, who was the maker of the note in question, did not attempt to set up any payment or set off, nor to shew any equity, as between the payee of the note and himself. He only questions the plaintiff's title to the note, by attempting to prove a title out of him. In this he failed. It is not necessary, there-

fore, to decide what would have been the law of the case, if the defendant had shown on the trial, that Wade, the payee of the note, was the owner of it, when he made his general assignment in New York; and that the plaintiff took the note, with notice that it belonged to the assignees of the insolvent. This case, as it is presented to the court, comes directly within the principles of the case of *Grant* v. *Vaughan,* 3 *Burr. Rep.* 1516; and in my opinion, the judgment must be affirmed.

FORD, J., concurred.

RYERSON, J. By the return to this certiorari, and the statement of facts, by the agreement of counsel making part thereof, it appears that the action was originally brought before a justice of the peace on a promissory note, dated the 11th January, 1830, made by the plaintiff in this court, the defendant below, payable to one Wade, or order, five days after date, without defalcation or discount; that Wade was discharged as an insolvent debtor, in the city of New York, on the 22d May, 1830, and made an assignment of all his estate, for the benefit of his creditors. Subsequent to that day, this note was by him transferred to the plaintiff, "*for a fair and bona fide consideration.*" But it does not appear, unless we are bound to presume it from the above facts, that Wade was the owner of the note when he executed the assignment. Nor does it appear *at all*, that the plaintiff below had notice in fact, when he took the note, of the insolvency and assignment of Wade. The justice gave judgment for the plaintiff below, for an amount admitted to be due on the note; which judgment was affirmed by the Common Pleas on appeal; or to speak more correctly, the Common Pleas gave judgment for a like amount. A question is made as to the regularity and effect of the evidence of the discharge, which it is not necessary, in my opinion, to examine.

The plaintiff in this court, questions the *title* of the plaintiff below, to this note, and upon that, rests his defence to the action; the note having been negotiated after Wade's general assignment, and after its day of payment had passed by.

As above intimated, I do not mean to discuss the question of the effect that should be given here, to such an assignment, made in New York, of a *chose in action.* And we may also settle this case, if we choose to abide by former decisions, without

inquiring how far the fact of negotiation after due, can, according to the common law, and decisions under the statute of Anne, affect the title of the holder, when the maker sets up no equities in *his own* behalf.  By the decisions under our statute respecting bills and notes, the negotiability of a note containing the words, "without defalcation or discount," is not impaired by being over-due.  *Coryell* v. *Croxall,* 2 *Southard,* 764; *Tillou* v. *Britton,* 4 *Halst.* 120.  If I am right in my view of these cases, the one now before the court is manifestly within the principle of *Grant* v. *Vaughan,* 3 *Burr,* 1516.  In that case, it was held that the right to negotiable paper, transferred for a valuable consideration in the regular and fair course of business, could not be impugned by any defect in the *title* of the immediate assignor, even if it had been lost or stolen.

But I do not think we need the support of the cases above cited from our own reports, (which I have heard doubted while at the bar,) to maintain the judgment of the Common Pleas. There is no case that I am aware of, subjecting the receiver of a note, which has passed its day of payment, to have his *title* questioned on that account.  The decisions make him chargeable as with notice, that the *maker* has some good defence to the *note itself,* by reason of some transactions between him and the payee, or holder, and nothing farther.  Upon whichever point we rest the cause, the judgment must be affirmed.

Judgment affirmed.